IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Harold E. Blackwell, Jr., ) | |
| ) | Civil Action No. 6:12-cv-2783-JMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Bank of America Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to dismiss (doc. 15). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On August 10, 2012, the plaintiff, proceeding *pro se*, filed suit in the South Carolina Court of Common Pleas in Greenville County against the defendant Bank of America Corporation ("BOA"). The defendant removed the action to this court on September 25, 2012, based on diversity of citizenship.

On October 2, 2012, the defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] By order filed October 3, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion.

---

[1] In support of the motion to dismiss, the defendant submitted several exhibits, including filings from the plaintiff's prior case before this court, which, as will be discussed below, are appropriate for consideration by this court on a motion to dismiss on the ground of *res judicata*. However, defendant's Exhibit B, which consists of a declaration from Bruce M. Steen and a copy of the plaintiff's amended statement of claim in his FINRA action (doc. 15-3), does not appear to be appropriate for consideration on a motion to dismiss pursuant to Rule 12(b)(6). Accordingly, the undersigned has excluded this exhibit from consideration. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

## FACTS PRESENTED

This is the second time plaintiff has been before this court seeking damages for harms he claims he suffered as a result of the termination of his employment by Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), which is a wholly owned subsidiary of defendant BOA. In the first case, the undersigned recommended that BOA's motion to dismiss be granted in *Blackwell v. Bank of America Corporation*, C.A. 7:11-cv-02475- JMC ("*Blackwell I*"),[2] because the plaintiff was required to submit his claims to binding arbitration before the Financial Industry Regulatory Authority ("FINRA"). The plaintiff made no objections to this court's recommendation, and on April 12, 2012, the Honorable J. Michelle Childs, United States District Judge, adopted the recommendation and granted BOA's motion to dismiss (*Blackwell I*, C.A. No. 7:11-cv-2475-JMC, doc. 63). As in this case, BOA was the only named defendant in *Blackwell I* (*id.*, doc. 1 at p. 1).

In the instant action, the plaintiff makes very similar factual allegations regarding his discharge as he did in *Blackwell I* (*see* doc. 15-1, def. m. to dismiss at pp. 6-7 (comparing allegations in *Blackwell I* and the instant case)). The plaintiff further alleges that after *Blackwell I* was dismissed and he submitted his claims against BOA to FINRA for arbitration, along with a defamation claim that was not alleged in *Blackwell I*, he received an email from Steve Encaoua of FINRA Dispute Resolution informing him that FINRA had no record of BOA in its Central Registration Depository. Accordingly, the plaintiff alleges that he worked with Mr. Encaoua to "put his FINRA statement of claim in an acceptable form which meant excluding Bank of America Corporation and identifying Merrill Lynch as the sole respondent" (comp. ¶¶ 11-12). The plaintiff alleges that on July 6, 2012, he received an email from Mr. Encaoua stating:

---

[2]When entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). *See* Fed.R.Evid. 201(b)(2) (court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

> "Pursuant to the Code of Arbitration Procedure, an employment discrimination claim may be arbitrated only if the parties have agreed to arbitrate it either before or after the dispute arose. A statutory employment discrimination claim may also be arbitrated if a court of competent jurisdiction has ordered the parties to arbitrate" and that a U4 form, which constituted the agreement of the parties before the dispute arose, did not include employment discrimination disputes.

(*Id.* ¶ 13 (quoting comp., ex. E, 7/6/12 email)). The plaintiff further alleges that he then amended his FINRA statement of claim to take out the employment discrimination allegations, and FINRA granted him a forum to arbitrate his remaining claims (*id.* ¶ 14). He claims he was granted a waiver of the fees ordinarily charged by FINRA (*id.* ¶ 15 (citing comp., ex. F, 7/16/12 letter). He further alleges that FINRA subsequently "offered to ask the defendant on behalf of the plaintiff to submit to arbitration but informed him that no waiver of fees was available in arbitrations where there was no agreement to arbitrate prior to the dispute" (*id.* ¶ 16 (citing comp., ex. G, 7/6/12 email, which is identical to ex. E)). The plaintiff states that as he "cannot afford the fees associated with arbitrating a claim at FINRA he did not pursue that remedy and has no desire to pursue that remedy" (*id.* ¶ 17).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' "*Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore,

a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). As noted above, when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact. *Andrews*, 201 F.3d at 524 n.1.

The defendant argues that the plaintiff's complaint fails to state a claim upon which relief can be granted because (1) the plaintiff was employed by Merrill Lynch and not BOA, and (2) to the extent that plaintiff's complaint can be interpreted as one against his actual former employer, Merrill Lynch, the claims are barred under the doctrine of *res judicata* because this court already has held that the plaintiff is required to arbitrate those claims before FINRA.

Defendant BOA first argues that it should be dismissed from this action because the plaintiff was not employed by it but was instead employed by Merrill Lynch, which is a wholly owned subsidiary of BOA. The plaintiff states in his complaint that he was employed "by the defendant in the Merrill Lynch branch located in Spartanburg . . ." (doc. 1-1, comp. ¶¶ 3-4). The FINRA Form U5 the plaintiff appended to his complaint states that he was terminated from employment by Merrill Lynch (*id.*, ex. H). Moreover, as noted above, the plaintiff alleges in his complaint that after *Blackwell I* was dismissed and he submitted his claims against BOA to FINRA for arbitration, he received an email from Mr. Encaoua informing him that FINRA had no record of BOA in its Central Registration Depository. Accordingly, the plaintiff alleges that he then "put his FINRA statement of claim in an acceptable form which meant excluding Back of America Corporation and identifying Merrill Lynch as the sole respondent" (*id.* ¶¶ 11-12).

4

In his response in opposition to the motion to dismiss, the plaintiff argues that the defendant's "argument hinges on the employment by Merrill Lynch and Bank of America being mutually exclusive. The Defendant has presented no evidence or made any assertion claiming a dual employment was not in effect or could not have been in effect" (doc. 24-1, pl. resp. m. to dismiss at p. 2). As argued by BOA, the plaintiff impermissibly reverses the burden. Defendant BOA is not required to plead or prove that a joint employment relationship does not exist; rather, the plaintiff is required to plead and prove that a joint employment relationship does exist, and his complaint is utterly devoid of any such allegations. In fact, as illustrated by the examples above, the plaintiff has repeatedly acknowledged that he was employed by Merrill Lynch.

In response to Local Civil Rule 26.01 DSC interrogatories, defendant BOA responded that it is not the proper defendant in this action because it never employed the plaintiff. BOA further stated that Merrill Lynch employed the plaintiff and is the proper corporate defendant. BOA's counsel has stated that he will accept an amended summons and complaint identifying the proper corporate defendant (doc. 2, Rule 26.01 Answers to Interrogs. at p. 3).[3] Based upon the foregoing, the undersigned recommends that BOA be dismissed as defendant in this action.[4]

---

[3]In *Blackwell I*, defendant BOA likewise responded to the Local Civil Rule 26.01 interrogatories stating that Merrill Lynch was the proper corporate defendant. Defense counsel stated that he would accept an amended summons and complaint identifying the proper corporate defendant, but further stated that "such an amendment would be futile because defendant has moved to dismiss this action based on plaintiff's obligation to arbitrate the claims he asserts herein" (*Blackwell I*, C.A. No. 7:11-2475-JMC, doc. 35, Rule 26.01 Answers to Interrogs. at p. 3).

[4]Should the district court agree that BOA should be dismissed as defendant in this action but disagree with the undersigned's recommendation that the action be dismissed based upon *res judicata*, the undersigned recommends that the plaintiff be allowed to serve defense counsel with an amended summons and complaint naming Merrill Lynch, Pierce, Fenner & Smith, Inc. as defendant. Diversity jurisdiction would still exist as the company is a Delaware corporation with its principal place of business in New York. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Arelma, Inc.*, 587 F.3d 922 (9th Cir. 2009). *See* 28 U.S.C. § 1332(c) (providing that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business).

The defendant further argues that to the extent that plaintiff's complaint can be interpreted as one against his actual former employer, Merrill Lynch, the complaint should be dismissed based on the doctrine of *res judicata*. This court agrees.

This action was removed to federal court on the basis of diversity of citizenship. Therefore, the substantive law of South Carolina applies. *Johnson v. Hugo's Skateway,* 974 F.2d 1408, 1416 (4th Cir.1992) (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)). To establish *res judicata* as a bar to litigation in South Carolina, the defendant must demonstrate the following elements: (1) identity of the parties or their privies in the two suits; (2) identity of the subject matter in both the earlier and the later suit; and (3) a final determination on the merits of the claim in the prior proceeding. *Briggs v. Newberry County Sch. District*, 838 F. Supp. 232, 235 (D.S.C. 1992) (citing *H.G. Hall Constr. v. J.E.P. Enterprises*, 321 S.E.2d 267, 271 (S.C. Ct. App. 1984)).

Applying the *Briggs* standard, the instant action should be dismissed based on the doctrine of *res judicata* because this court previously held in *Blackwell I* that the plaintiff was required to arbitrate his claims before FINRA. First, the parties and their privies in the present action are exactly the same as the parties and their privies in *Blackwell I*. Second, the court made a final determination in *Blackwell I* that the plaintiff was required to arbitrate his claims when the plaintiff's complaint in *Blackwell I* was dismissed based on his failure to arbitrate. *See Fayetteville Investors v. Commercial Bldrs., Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991) (recognizing that a dismissal under Rule 12(b)(6) is accorded *res judicata* effect). Third, the plaintiff's factual allegations and claims in the instant case arise out of the same transaction or occurrence at issue in *Blackwell I*. Under South Carolina law, the fundamental test for evaluating whether the subject matter of the claims or causes of action at issue sufficiently overlap is to determine whether the primary right and duty and the wrong are the same in each. *See, e.g., Nunnery v. Brantley Constr. Co., Inc.*, 345 S.E.2d 740, 743 (S.C. Ct. App. 1986); *see also Jimmy Martin Realty Grp., Inc. v. Fameco Distrib., Inc.*, 386 S.E.2d 803, 805 (S.C. Ct. App. 1989) (holding that because the primary right asserted in both actions arose out of the same contract and the wrong alleged in both

6

actions encompassed the same breach thereof and the same accompanying unfair and deceptive acts, the doctrine of *res judicata* applied). As argued by the defendant, the plaintiff's allegations and claims in *Blackwell I* and those in the instant case satisfy this standard because a review of the complaints in the two actions demonstrates that the factual allegations and predicate for his alleged claims are the same (*see* doc. 15-1, def. m. to dismiss at p. 6 (comparing factual allegations in *Blackwell I* and the instant case)). Furthermore, the plaintiff makes the same claims, alleging that he was wrongfully terminated; his former employer is guilty of "coercion"; his former employer violated "public policy" by forcing him to commit "illegal acts"; his former employer's conduct was "extreme and outrageous" and caused him "severe emotional distress";and his former employer terminated his employment in retaliation for his alleged whistleblowing activities (*compare Blackwell I*, C.A. No. 7:11-cv-2475-JMC, doc. 10, ¶¶ 19-20, 23-24, 55-57, 67, *with* comp. ¶¶ 35-36, 40, 59, 61-63, 66, 68).[5]

In his response in opposition to the motion to dismiss, the plaintiff states that "FINRA has agreed to arbitrate all of the claims filed by the Plaintiff with the exception of the statutory employment discrimination claims, which are the claims lodged by the Plaintiff in the instant case" (doc. 24-1, pl. resp. m. to dismiss at p. 1). However, the plaintiff has not alleged any "statutory employment discrimination claims" in this case. FINRA defines a statutory employment discrimination claim as "a claim alleging employment discrimination, including a sexual harassment claim, *in violation of a statute*." FINRA-ARB2012 Rule 13100(y) (emphasis added). The plaintiff does not identify any such claim or statute, and his complaint here does not include any such claim (*see generally* comp.). As for the claims he does assert in this action, this court already has held in *Blackwell I* that those claims should be arbitrated before FINRA. Accordingly, the plaintiff's claims are barred by the doctrine of *res judicata*.

---

[5]In *Blackwell I*, the plaintiff also alleged claims for violation of the whistleblower protections set forth in the Sarbanes-Oxley Act (*Blackwell I*, C.A. No. 7:11-cv-2475-JMC, doc. 10, ¶ 1) and for alleged unfair trade practices (*id.*, doc. 30), which he has not alleged in his complaint in the instant case.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 15) should be granted.


April, 26 2013                               s/ Kevin F. McDonald
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).